Date signed April 10, 2008



DUNCAN W. KEIR
U. S. BANKRUPTCY JUDGE

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF MARYLAND
### at Baltimore

| | | |
|---|---|---|
| In | * | |
| Robin Mary Eid, | * | Case No.    07-18061-DK |
| | * | Chapter    13 |
| | * | |
| Debtor. | * | |
| ************************************ | * | |
| Robin Mary Eid, | * | |
| | * | |
| | * | |
| Movant. | * | |
| vs. | * | Claim    No. 7 |
| CACH, LLC, | * | |
| | * | |
| | * | |
| Respondent. | * | |

**<u>MEMORANDUM OF DECISION</u>**

Before the Court is the Debtor's Motion For Reconsideration Of Order Denying

Objection To Claim Of CACH, LLC. The respondent, CACH, LLC, did not file a response. The

court finds that a further hearing will not aid in the decisional process. For the reasons set forth

1

below in this Memorandum Of Decision, the Debtor's Motion For Reconsideration Of Order Denying Objection To Claim of CACH, LLC is GRANTED, and the Objection To Claim No. 7 is SUSTAINED.

## *Background*

The Debtor filed a chapter 13 case, by counsel, on August 27, 2007.  On October 10, 2007, CACH, LLC ("CACH") filed a proof of claim for unsecured debt in the amount of $16,642.71.  The Debtor did not object to this claim.  On December 18, 2007, CACH filed a second proof of claim for unsecured debt in the amount of $12,135.15 ("Claim No. 7").  CACH's proof of claim was supported only by a document from CACH's authorized representative stating that CACH was not in possession of any writing to support CACH's proof of claim, but could obtain the writing if requested.

The Debtor filed a timely objection to Claim No. 7 on January 10, 2008 asserting, *inter alia*, that CACH failed to attach the necessary documentation to validate its claim.  CACH did not respond to the objection, nor otherwise supply any further writing.  On February 20, 2008, this Court denied Debtor's objection to Claim No. 7 based on the belief that Debtor's objection was not properly served on CACH as required under Fed. Bankr. R.Proc. 7004(b)(3).  Shortly thereafter, Debtor filed a motion for reconsideration demonstrating to the Court that its objection in fact was properly served on CACH.

## *Analysis*

A bankruptcy court's authority to reconsider an order allowing a claim is found in 11 U.S.C. § 502(j) and Federal Rule of Bankruptcy Procedure Rule 3008.  An allowed claim may be considered for cause as provided under 11 U.S.C. § 502(j).  Fed. R. Bankr. P. 3008 governs the

procedure for seeking reconsideration, and states that "A party in interest may move for reconsideration of an order allowing or disallowing a claim against the estate. The court after a hearing on notice shall enter an appropriate order." Fed. R. Bankr. P. 3008.

However, Fed. R. Bankr. P. 9024 provides additional guidelines governing reconsideration of an order. Rule 9024 states that except as otherwise provided, Federal Rule of Civil Procedure 60 is applicable to bankruptcy cases. Fed. R. Civ. P. 60 (b) and (c) set forth the grounds and timing for a proper motion for reconsideration brought under that rule. On motion, the court may relieve a party from an order on mistake, inadvertence, surprise, or excusable neglect. Fed. R. Civ. P. 60(b)(1).

Here, the court erroneously denied the objection on the basis of improper service. In fact, the Debtor propounded service correctly, and filed the certificate of service on January 11, 2008. A hearing is not necessary when the court is reconsidering a motion due to the court's error. Accordingly, the court shall reconsider the Objection To Claim No. 7.

A creditor has the opportunity to file a proof of claim under 11 U.S.C. § 501(a). A claim filed under § 501(a) will be allowed unless a party in interest objects to the claim. 11 U.S.C. § 502(a); *see also In re Gates*, 214 B.R. 467, 472 (Bankr. D. Md. 1997) (asserting that while the initial and ultimate burden of proof with respect to claim rests with the claimant, the proper execution of a claim creates *prima facie* validity of the claim). A party may overcome *prima facie* validity and shift the burden back to the claimant by demonstrating evidence sufficient to defeat the legal basis of the claim. *Gates*, 214 B.R. at 472 (quoting *In re Weidel*, 208 B.R. 848, 854 (Bankr. M.D.N.C. 1997)).

Fed. R. Bankr. P. 3001(c) requires that when a claim is based on a writing, "the original

or a duplicate [writing] *shall* be filed with the proof of claim." Fed. R. Bankr. P. 3001(c) (emphasis added). However, "[i]f the writing has been lost or destroyed, a statement of the circumstances of the loss or destruction shall be filed with the claim." Fed. R. Bankr. P. 3001(c). Therefore, under Fed. R. Bankr. P. 3001(c) a proof of claim which is based on a writing can only be properly executed if one of two scenarios are met: (1) the claimant attaches the original or a duplicate of the writing on which the claim is based to the proof of claim, or (2) the writing has been lost or destroyed, and the claimant attaches a document explaining the circumstances of the loss or destruction. Under no other circumstances may a claimant properly execute a proof of claim based on a writing under Fed. R. Bankr. P. 3001(c).

Upon filing its proof of claim, CACH failed to comply with either of the two scenarios required by Fed. R. Bankr. P. 3001(c). CACH did not file the original or a copy of the credit card agreement signed by Debtor, nor did CACH file a document alleging that the writing was lost or destroyed. Instead, CACH filed only a document stating that CACH is not in possession of the credit card agreement, but has the ability to produce the writing upon request. This document fails to satisfy the requirements of Rule 3001(c).

Because the proof of claim filed by CACH failed to comply with Rule 3001(c), the proof of claim is not entitled to *prima facie* validity. Fed. R. Bankr. P. 3001(c); *see also In re Herron,* 381 B.R. 184, 188-189; *Armstrong,* 320 B.R. at 106. Therefore, CACH's burden to supply supporting documentation arises on the filing of the objection.

Upon Debtor's objection, CACH had 30 days in which to respond to Debtor's objection by providing proper documentation to support its claim. If it had done so, Debtor and the Court would have had an opportunity to assess the validity and accuracy of the claim. However, in the

face of the Debtor's Objection To Claim No. 7 and even upon request by Debtor's counsel, CACH failed to produce any documentation in support of its claim that could be used by the Court or Debtor to assess the validity or accuracy of the claim. CACH also did not respond with any documentation alleging that the writing has been lost or stolen. CACH's claim must be disallowed because CACH failed to comply with either of the two scenarios provided for under Fed. R. Bankr. P. 3001(c).

      An order in conformity with this Memorandum Of Decision shall be entered accordingly.

cc:    Debtor
        Debtor's Counsel - Carolyn Gilden Krohn
        Creditor - CACH, LLC
        Chapter 13 Trustee - Gerard R. Vetter
        U.S. Trustee

**End of Order**